IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SIMUELL MADDEN,

               Plaintiff,

       v.                   CASE NO.  07-3068-SAC

J. SHELTON, et al.,

               Defendants.

## O R D E R

This is a civil rights complaint, 42 U.S.C. 1893, filed by an inmate of the Norton Correctional Facility, Norton, Kansas (NCF). Plaintiff has also filed an Application for Leave to Proceed Without Prepayment of Fees (Doc. 2)(ifp motion).

Plaintiff names as defendants J. Shelton, Warden at NCF; Correctional Care Solutions; and other employees at NCF: Mrs. Johnson; Dr. Naheed; Nurse Davis; and Mrs. Thompson.  Plaintiff alleges "it is very hard to get" medication for his allergies "due to being a black muslim."  He further alleges he is currently sick, his allergies have never been dealt with seriously, and he is not being provided with proper medication.  He also alleges the medicine "Dr. Naheem" is giving him is not working, and he took different medication "on street."  He states his allergies are "life-threatening" due to "all the smoking" and asbestos in the facility, trees, and "being congested 24-7."  Based upon these allegations, he asserts he is being provided inadequate medical care for his allergies in violation of the Eighth Amendment.  He seeks $50,000 "due to medical and mental anguish."

**APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff has filed 13 civil rights actions in this court over the past seven years, many of which were dismissed for failure to demonstrate exhaustion of administrative remedies.  He has not paid the filing fee in any of those actions, and has outstanding obligations in several cases on which he has made no payments.  In this particular case, plaintiff has not provided the documents in support of his ifp motion required by 28 U.S.C. 1915(a)(2), including "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  Plaintiff's statement that he has not been confined at NCF for six months does not excuse his failure to comply with 28 U.S.C. 1915(a)(2).  He is required to obtain a statement from each facility in which he was confined over the past six months and submit them to the court.  Plaintiff will be given thirty (30) days in which to submit the documentation in support of his ifp motion.  If he does provide the requisite documentation or pay the filing fee herein of $350.00 within the time provided, this action may be dismissed without further notice for failure to satisfy the filing fee.

**SCREENING**

Because Mr. Madden is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from

such relief.   28 U.S.C. 1915A(a) and (b).   Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to allege sufficient facts in support of a claim under the Eighth Amendment.

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court recognized that the Eight Amendment's prohibition of cruel and unusual punishment applies to the inadequate provision of medical care to prison inmates.   Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991).   However, the Court held that only the "unnecessary and wanton infliction of pain" implicates the Eighth Amendment, so it follows a prisoner raising such a claim must allege facts showing "deliberate indifference to serious medical needs."   Estelle, 429 U.S. at 104, 106, *quoting* Gregg v. Georgia, 428 U.S. 153, 173 (1976); Miller, 948 F.2d at 1569.   In Wilson v. Seiter, 501 U.S. 294 (1991), the Court explained that the Eighth Amendment's deliberate indifference standard under Estelle has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials acted with a sufficiently culpable state of mind.   Id. at 297-298.

With regard to the subjective component, "allegations of 'inadvertent failure to provide adequate medical care' simply fail to establish the requisite culpable state of mind."   Id. at 299, 305.   As the Supreme Court noted in Estelle, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."   Estelle, 429 U.S. at 105-6.   It follows that negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment.   Under the

subjective prong of the deliberate indifference test, a plaintiff is required to present evidence of the prison official's culpable state of mind in denying care.    See Estelle, 429 U.S. at 106.    The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer, 511 U.S. at 837.

A mere difference of opinion over the medical treatment or medication being provided does not rise to the level of a constitutional violation.    See Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 781 (10th Cir. 1999).    Furthermore, a "'[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.'"    Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993), quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Having reviewed the few factual allegations presented by plaintiff in his complaint, the court finds they are insufficient under the foregoing standards to state an Eighth Amendment claim of denial of medical care.    Plaintiff has not alleged when he sought treatment from prison medical staff or described what serious symptoms he presented at the time.    Nor does he name the person or persons he sought medical assistance from and allege facts indicating they were aware of his obvious, serious, medical needs but intentionally refused or failed to provide necessary or prescribed medical treatment.    Thus, he fails to allege facts

4

suggesting any defendant acted with the state of mind required to meet the subjective, or intent component, of the standard. His allegation that he is being denied medical treatment due to racial bias is not supported by any factual allegations.

Instead, plaintiff's allegations in this and similar lawsuits filed by him in this court, of which judicial notice is taken, indicate he has long suffered from allergies and sinus conditions, which are not necessarily susceptible to complete medical control or cure, and that he has received treatment for those conditions throughout his confinement. Plaintiff's allegations in his complaint evince nothing more than his disagreement with the medications and treatment currently being provided at NCF for his allergies and sinus problems. His opinion that he needs different medication does not establish either the seriousness of his medical needs or the culpable state of mind of a named defendant. His view alone – in contrast to that of medical staff at the prison as to what is appropriate and necessary given his symptoms and medical history – does not sufficiently state a constitutional claim for denial of adequate medical care.

Plaintiff will be given thirty (30) days in which to show cause why his complaint should not be dismissed for failure to allege sufficient facts in support of a claim of cruel and unusual punishment under the Eighth Amendment. If he fails to adequately respond within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to submit the required

documentation in support of his application for leave to proceed in forma pauperis or the filing fee of $350.00; and to show cause why this action should not be dismissed for failure to allege sufficient facts to support a constitutional claim of denial of medical care.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge