IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SIMUELL MADDEN,

                Plaintiff,

      v.                          CASE NO.  07-3068-SAC

J. SHELTON, et al.,

                Defendants.

### O R D E R

       This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Norton Correctional Facility, Norton, Kansas (NCF) claiming denial of medical treatment.  Plaintiff also filed an Application for Leave to Proceed Without Prepayment of Fees (Doc. 2)(ifp motion).  On April 19, 2007, this court entered an Order requiring plaintiff to submit the documentation required by statute in support of his ifp motion or the filing fee of $350.00; and to show cause why this action should not be dismissed for failure to allege sufficient facts to support a constitutional claim of denial of medical care.  The court set forth the legal standards for such a claim and discussed the deficiencies in plaintiff's allegations. Plaintiff filed a Response (Doc. 4) to the court's prior Order. Having considered all materials in the file, the court finds as follows.

       Plaintiff has not submitted a "certified copy of the trust fund account statement (or institutional equivalent)" for the "6-

month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The two pages submitted by plaintiff do not include deposits and balances over the requisite 6-month period, but show only fee and fine obligations from various years, and are not a certified copy of his inmate account. As a result, the court finds plaintiff's ifp motion should be denied. Plaintiff has not submitted the filing fee as an alternative, within the time provided.

However, even if the documents provided by plaintiff could be considered adequate to support his ifp motion, the court finds plaintiff's Response does not cure other deficiencies pointed out in the court's prior Order. Plaintiff does not state additional facts in his Response which elevate his claim from one of negligence or mere disagreement with prison medical staff, to one of cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff responds mainly that medical personnel have used racial slurs and made rude comments; but verbal abuse, while neither professional nor appropriate, does not support a claim of denial of medical care amounting to cruel and unusual punishment.

The court concludes for the foregoing reasons and for the reasons stated in its Order dated April 19, 2007, that plaintiff has failed to allege sufficient facts in support of his claim of cruel and unusual punishment under the Eighth Amendment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied as not properly

supported; and this action is dismissed for failure to satisfy the filing fee and due to plaintiff's failure to allege sufficient facts to support an Eighth Amendment claim of denial of medical care.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge